UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN WALLS and NADINE BLAKE-WALLS, )
)
Plaintiffs, )
)
v. ) 99 C 3016
) Judge George M. Marovich
LOMBARD POLICE OFFICERS )
JEROME, STAR #732; OFFICER )
MARKS, STAR #3356; SGT. R. )
MONTALTO, STAR #17; VIRENE, )
STAR #727; CLARK, STAR #28; )
MARCINIAK, STAR #738; )
SCHREPFERMAN, STAR #7; LT. )
WATKINS, STAR #61; AND OTHER )
UNKNOWN LOMBARD POLICE )
OFFICERS, INDIVIDUALLY AND )
IN THEIR OFFICIAL CAPACITY )
AS POLICE OFFICERS FOR )
VILLAGE OF LOMBARD, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Brian Walls ("Walls") and Nadine Blake-Walls ("Blake-Walls") (collectively "Plaintiffs") filed a twelve-count Second Amended Complaint against the following members of the Lombard Police Department: Officer Jay Jerome ("Jerome"); Officer William Marks ("Marks"); Sergeant Richard Montalto ("Montalto");

1

Officer Jeffrey Virene; Officer Clark[1] ("Clark"); Officer John Latronica; Officer Daniel Marciniak("Marciniak"); Officer James Schrepferman ("Schrepferman"); Lieutenant Scott Watkins ("Watkins") and Other Unknown Lombard Police Officers ("Other Unknown Officers") (collectively "Defendants"), alleging, among other things, defamation under Illinois law (Counts VIII and XII) and intentional infliction of emotional distress under Illinois law (Count XII). Defendants have moved to dismiss Counts VIII and XII of the Second Amended Complaint[2] pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court grants Defendants' motion to dismiss Count VIII and denies Defendants' motion to dismiss Count XII.

---

[1] Officer Clark's name was not included in the Defendants' motion to dismiss. Because the issues and claims are the same as to Officer Clark as they are to the other Defendants and because his name reappears in the Defendants' reply brief, the Court treats this as an oversight. Therefore, for the purposes of this motion, the Court shall treat Officer Clark as a movant.

[2] Notwithstanding the fact that Plaintiffs have filed a Second Amended Complaint, they insist in their response brief that Defendants are moving to dismiss <u>Counts II and VIII of the First Amended Complaint</u>. However, the Defendants specifically state in their reply brief, as well as their motion, that they are moving to dismiss <u>Counts VIII and XII of the Second Amended Complaint</u>. Because it is the Defendants' motion and, more importantly, once the Second Amended Complaint was filed it superseded the First Amended Complaint, the Court will not address Plaintiffs' arguments as to the First Amended Complaint.

2

BACKGROUND

The complaint alleges the following facts which, for the purposes of ruling on this motion, are taken as true. Hishon v. Kemp & Spalding, 467 U.S. 69, 73 (1984). On May 4, 1998, the Plaintiffs and their child were in the car when Blake-Walls had a panic attack and asked Walls to stop the car. She exited the car, removed her child from the car seat and sat on the sidewalk.

Defendants Jerome, Marks, Clark, Marciniak and Schrepferman approached Blake-Walls and one of them asked her if she was ok. She said that she was "fine." (Compl. ¶ 20.) When Walls approached, some of the Defendants began questioning him about what, if anything, had transpired between him and Blake-Walls. Walls stated that everything was "ok," and Blake-Walls stated that she wished to go home. The Defendants then told Walls not to stay with his wife and child at home and if they were to find him there "it would not be good for him." (Id.) The Defendants then took the names, address, telephone number, license number and car registration of the Plaintiffs. Walls dropped Blake-Walls and their child off at their apartment, packed a bag and left, per the Defendants' instructions.

That night, Defendants Jerome, Watkins and Other Unknown Officers arrived at the apartment demanding entry. Defendants

told Blake-Walls that they had been summoned on complaints of noise. Blake-Walls explained to the Defendants that there was no noise coming from her apartment and there must have been a mistake. The Defendants ignored her and demanded to know the whereabouts of her husband. She explained to the Defendants that she and her child were alone in the apartment.

Eventually, the Defendants forcibly entered the apartment knocking Blake-Walls into a compact disc case and injuring her back. She inquired about a warrant, to which the Defendants stated "we don't need a warrant." (Id. ¶ 55.) The Defendants searched the entire apartment, scattering and damaging its contents and ignoring Blake-Walls's request that they leave. Defendants kept her in the apartment against her will, physically abused her and verbally threatened her.

Blake-Walls reported the incident by calling 911. The 911 operators advised her to file a complaint at the police station. Blake-Walls, accompanied by Walls's aunt and uncle, went to the police station and attempted to file her complaint. One of the Defendants refused to allow her to file the complaint and called her drunk. Montalto stated to the aunt, uncle and others present at the police station "that the Defendant officers had to go to the apartment of Mr. Walls and Ms. Blake-Walls, on a frequent

4

basis because they were always fighting." (Id. ¶ 96.) Montalto knew that this was untrue. In fact, neither of the Plaintiffs had experienced any contact with the Lombard Police Department or its officers. On that same day, Defendants also "reported to the Department of Children and Family Services that Nadine Blake-Walls was abused by Brian Walls." (Id. ¶ 139.) Plaintiffs allege that Defendants did so to conceal their own wrongdoing despite the fact that they had no information to indicate that Walls had battered Blake-Walls.

Plaintiffs' Second Amended Complaint alleges, among other claims: (1) defamation in violation of Illinois law; and (2) intentional infliction of emotional distress in violation of Illinois law. In response, Defendants have filed the present motion seeking to dismiss these claims (Counts VIII and XII).

DISCUSSION

I. Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support

5

of a claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988).

II. Defamation

Despite the liberal pleading requirements of Federal Rule of Civil Procedure 8, "courts generally have continued to require that [defamation] be pleaded with some specificity." Betten v. Citibank F.S.B., No. 94 C 5460, 1995 WL 387802, at *3 (N.D. Ill. June 28, 1995); see also Doherty v. Kahn, 682 N.E.2d 163, 172, (Ill. App. Ct. 1997) (holding that under Illinois law, the allegedly defamatory statement itself must be set forth with specificity). Thus, it is clear that "vague and general assertions will not sustain a claim for defamation; neither will mere conclusory allegations." Richardson Electronics, Ltd. v. Video Display Corp., No. 89 C 3588, 1989 WL 117980, at *3 (N.D. Ill. Sept. 26, 1989) (citations omitted). However, where "the substance of the defamatory statements are adequately identified," plaintiffs have been able to plead less specifically. Jones v. Sabis Educ. Systems, Inc., No. 98 C 4252, 1999 WL 1206955, at *4 (N.D. Ill. Dec. 13, 1999) (citations

6

omitted).

The Illinois courts have not created "a general rule defining what words are defamatory, [thus] each case must be decided based upon its own facts." Heerey v. Berke, 544 N.E.2d 1037, 1040 (Ill. App. Ct. 1989). Generally, "[a] statement is considered defamatory if it tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with him." Van Horne v. Muller, 705 N.E.2d 898, 903 (Ill. 1998). The two forms of defamation recognized in Illinois are: defamation per se which includes statements so obviously defamatory that it is unnecessary to allege or prove special damages; and defamation per quod which include statements for which allegation and proof of special damages is necessary. Rosner v. Field Enters., 564 N.E.2d 131, 143 (Ill. App. 1st 1990).

A. <u>Defamation Per Se</u>

The Court first analyzes whether the Defendants' statements constitute defamation per se.[3] Under Illinois law: "Certain

---

[3]Defendants characterize the Plaintiffs' claims as "defamation per quod," (Mot. to Dismiss at 3), and fail to address the possibility that the Plaintiffs are relying on defamation per se. The Court believes the Plaintiffs, at least in Count XII, are relying on defamation per se. The Court, being
(continued...)

7

limited categories of defamatory statements are deemed actionable per se because they are so obviously and materially harmful to the plaintiff that injury to the plaintiff's reputation may be presumed." Van Horne, 705 N.E.2d at 903. Illinois law recognizes five categories of words as defamatory per se for which special, or pecuniary, damages are presumed: (1) words imputing the commission of a criminal offense; (2) words imputing infection with a loathsome communicable disease; (3) words imputing an inability to perform or want of integrity in the discharge of duties of office or employment; (4) words that prejudice a party, or impute lack of ability, in his or her trade, profession or business; and (5) words imputing adultery or fornication. Id.

### 1. Count VIII

In Count VIII, Plaintiffs contend that Defendants defamed them when Montalto stated to Walls's aunt and uncle and others that Lombard Police Officers "had to go to the apartment of Mr. Walls and Ms. Blake-Walls, on a frequent basis because they were always fighting." (Compl. ¶ 96.) Although the Plaintiffs have

---

³(...continued)
not as presumptuous as the Defendants, analyzes both forms of defamation.

8

sufficiently pleaded the speaker, audience and content of the statement, this statement does not constitute defamation per se. The only recognized category of defamation per se that this could arguably be related to is statements imputing commission of a crime. However, this statement is simply insufficient.

A statement involving the imputation of a criminal offense need not state the commission of a crime with the particularity of an indictment to qualify as defamatory per se. Weber v. Village of Hanover Park, 768 F. Supp. 630, 638 (N.D. Ill. 1991)(citations omitted). While it is true that a statement involving the imputation of a criminal offense is actionable as defamation per se, the crime imputed must be an indictable one, involving moral turpitude and be punishable by death or by imprisonment, and not merely a fine. Id.

The fact that officers were called to Plaintiffs' apartment often because of fighting does not, on its face, accuse the Plaintiffs of committing a crime, much less an indictable crime, involving moral turpitude, punishable by death or by imprisonment, and not merely a fine. At best, this statement implies that on a few occasions the Plaintiffs had loud arguments which disturbed neighbors. Without more, this statement cannot be considered defamatory under Illinois law. Thus, Plaintiffs

9

have failed in Count VIII to state a cause of action for defamation per se.

### 2. Count XII

In Count XII, Plaintiffs allege that Defendants defamed them when one of the Defendants "reported to the Department of Children and Family Services that Nadine Blake-Walls was abused by Brian Walls." (Compl. ¶ 139.) This statement, unlike the previous statement, clearly accuses Walls of abusing his wife. Domestic Battery is a crime in Illinois punishable by imprisonment. 720 ILL. COMP. STAT. 5/12-3.2 (West 1993) (defining Domestic Battery as a Class A Misdemeanor); 730 ILL. COMP. STAT. 5/5-8-3(a)(1) (West 1997) (defining the sentence for a Class A Misdemeanor as any term of imprisonment less than one year). Therefore this statement meets the requirements for defamation per se under Illinois law.

The analysis does not end here, however, since in Illinois all allegedly defamatory statements are subject to the "reasonable innocent construction rule." This standard is set forth in Chapski v. Copley Press, 442 N.E.2d 195 (Ill. 1982):

> [A] written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meaning; if, as so construed, the statement may reasonably be innocently interpreted or reasonably be interpreted

10

as referring to someone other than the plaintiff it
cannot be actionable per se.

Id., 442 N.E.2d at 199. The complaint clearly alleges that the Defendants "reported to the Department of Children and Family Services that Nadine Blake-Walls was abused by Brian Walls." (Compl. ¶ 139) It is impossible for this Court to see how such a statement could be innocently constructed. There is no indication from the context of this accusation of domestic battery that it should be interpreted innocently. Quite the contrary, this statement is an accusation by law enforcement officers to the governing state department regarding spousal abuse. There is also no indication that Defendants were referring to anyone other than the Plaintiffs. Thus, the innocent construction rule cannot be employed to defeat the claim for defamation.

As such, Count XII states a claim for defamation per se.

B. <u>Defamation Per Quod</u>

Having found that Count VIII does not state a claim for defamation per se, the Court next must decide whether it sufficiently states a claim for defamation per quod. Statements where "extrinsic facts are required to explain the defamatory meaning," are considered defamation per quod. <u>Kolegas v. Heftel</u>

Broad. Corp., 607 N.E.2d 201, 206 (Ill. 1992). In order to state a cause of action for defamation per quod, one must plead special damages. Brown and Williamson Tobacco Corp. v. Jacobsen, 713 F.2d 262, 270 (7th Cir. 1983). The pleading of special damages is governed by Federal Rule of Civil Procedure 9(g) which states that "when items of special damage are claimed, they shall be specifically stated." Id. A complaint must do more than allege that the injury suffered was the natural result of the alleged defamation. Id. At the very least, the allegation of special damages must be "explicit." Id. Thus under Illinois law: "General allegations as to damages, such as, damage to one's health, emotional distress, damage to reputation and economic loss, are insufficient to state a cause of action for defamation per quod." Heerey, 544 N.E.2d at 532-33.

In Count VIII, Plaintiffs have failed to plead with specificity the specific damages required to support a claim of defamation per quod. The only reference to damages in Count VIII states: "Defendant officers defamed and injured the reputation of Ms. Blake-Walls and Mr. Walls." (Compl. ¶ 101.) Because Plaintiffs merely allege damage to their reputations, this Court cannot characterize this description of damages as "specific." Rather, this is a general allegation of damage to reputation.

12

See Heerey, 544 N.E.2d at 1041. Accordingly, the Court dismisses Count VIII, since that count fails to state a claim for either defamation per se or defamation per quod.

In sum, Defendants' motion to dismiss is granted with respect to Count VIII and is denied with respect to the defamation claim of Count XII.

III. Intentional Infliction of Emotional Distress

In Count XII of their Second Amended Complaint, Plaintiffs also assert a claim for intentional infliction of emotional distress under Illinois law. The pleading standard for intentional infliction of emotional distress in Illinois is heightened: "To state an action for intentional infliction of emotional distress, the complaint must be 'specific, and detailed beyond what is normally considered permissible in pleading a tort action.'" Welsh v. Commonwealth Edison Co., 713 N.E.2d 679, 684-85 (Ill. App. Ct. 1999) (quoting McCaskill v. Barr, 414 N.E.2d 1327, 1328 (1980)). The necessary elements to plead a cause of action for intentional infliction of emotional distress are: 1) conduct which is truly extreme and outrageous; 2) intent that the conduct inflict severe emotional distress or knowledge that there is a high probability that the conduct would cause severe emotional distress; and 3) the conduct caused severe emotional

distress. McGrath v. Fahey, 533 N.E.2d 806, 809 (Ill. 1988).

Defendants contend that Plaintiffs have failed to allege conduct which rises to the level of extreme or outrageous. The "extreme and outrageous" nature of conduct is judged objectively. Doe v. Calumet City, 641 N.E.2d 498, 507 (Ill. 1994). "[M]ere insults, indignities, threats, annoyances, petty oppressions or trivialities," are not "extreme and outrageous" conduct. Public Finance Corp. v. Davis, 360 N.E.2d 765, 767 (Ill. 1976). Furthermore, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Id.

The Court recognizes that the "application of the 'outrageousness' requirement is necessarily difficult due to its vagueness." McGrath, 533 N.E.2d at 809. Nonetheless, courts have focused on certain factors which make a finding of "outrageousness" more likely. One such factor is "the degree of power or authority which a defendant has over a plaintiff ... The more control which a defendant has over the plaintiff, the more likely that defendant's conduct will be deemed outrageous." Id., 533 N.E.2d at 809.[4] Where an abuse of power is found, "the

---

[4] The Supreme Court of Illinois has taken special note that
(continued...)

14

extreme and outrageous nature of conduct may arise not so much from what is done as from the defendant's actual or apparent ability to damage the plaintiff's interests by his exercise of power or authority." Welsh, 713 N.E.2d at 683.

In the present case it is alleged that Defendants knowingly made false a report to the Department of Children and Family Services that Walls' was physically abusing Blake-Walls. A false accusation of domestic abuse from anyone in the community rises above the category of mere insults or annoyances. Furthermore, when this statement is made by a law enforcement officer who has a great deal of power and authority, particularly in dealing with criminal charges and investigations, this Court considers such an abuse of power "extreme and outrageous" conduct. Thus, Plaintiffs have sufficiently stated a claim for intentional infliction of emotional distress. Accordingly, the Court denies Defendants' motion to dismiss Count XII.

---

[4](...continued)
"Illinois cases in which intentional infliction of emotional distress has been sufficiently alleged have in fact very frequently involved a defendant who stood in a position of power or authority relative to the plaintiff." McGrath, 533 N.E.2d at 810.

## CONCLUSION

For the reasons set forth above, the Court grants Defendants' motion to dismiss Count VIII and denies Defendants' motion to dismiss Count XII. The Court dismisses Count VIII without prejudice.

ENTER:

George M. Marovich
United States District Judge

DATED: May 9, 2001